Filed 6/5/15  In re R.P. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.P., a Person Coming Under the Juvenile Court Law.<br><br>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>R.P.,<br><br>      Defendant and Appellant. | E062087<br><br>(Super.Ct.No. J248455)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

The San Bernardino County District Attorney's Office filed an amended Welfare and Institutions Code section 602 juvenile wardship petition alleging that defendant and appellant R.P. (minor) committed the following offenses:  first degree residential burglary (Pen. Code, § 459, count 1)[1] and carrying a switchblade knife (§ 21510, count 2).  Minor admitted the allegation in count 1.  A juvenile court found the allegation true and dismissed count 2.  The court declared minor a ward and placed him on probation, in the custody of his mother.  Several subsequent petitions were filed alleging that minor either violated his probation or committed additional offenses.  The court continued minor as a ward, but eventually found that previous dispositions had failed and that minor needed a closed setting with substantial counseling.  The court ordered him committed to Gateway, a youth educational and residential facility.

Minor filed a timely notice of appeal regarding the disposition.  We affirm.

PROCEDURAL BACKGROUND

On April 12, 2013, an amended juvenile wardship petition was filed alleging that minor committed the offenses of first degree residential burglary (§ 459, count 1) and carrying a switchblade knife (§ 21510, count 2).  Minor admitted the residential burglary allegation.  The court found the allegation true and dismissed the other count.  The court declared minor a ward and placed him on probation in the custody of his mother, under specified terms of probation.

---

**1** All further statutory references will be to the Penal Code, unless otherwise noted.

2

On July 22, 2013, a probation violation petition was filed alleging that minor had violated his probation by stealing money from his mother without permission, failing to return home by his curfew, and testing positive for use of marijuana and methamphetamine. Minor admitted the marijuana and methamphetamine allegation, and the court dismissed the other allegations. The court continued him as a ward and ordered him to serve 30 days in juvenile hall. Minor said he wanted to participate in a drug court program, so the matter was continued to August 2, 2013, for a drug court hearing. At that hearing, however, minor indicated that he no longer wished to participate in drug court.

On March 25, 2014, a subsequent juvenile wardship petition was filed. This petition alleged that minor committed first degree residential burglary. (§ 459.) Minor was detained in juvenile hall pending further hearing. On April 10, 2014, minor admitted the allegation. The court continued him as a ward and placed him in his mother's custody, under certain terms of probation. The court also ordered him to serve 60 days in juvenile hall.

On August 5, 2014, a third juvenile wardship petition was filed alleging that minor committed another count of first degree residential burglary. (§ 459.) Minor admitted the allegation. The probation officer filed a report recommending that he be placed in the Gateway program. The officer noted that minor had admitted to three counts of residential burglary in the last 18 months, that he continued to smoke marijuana and consume alcohol, that he was not attending school, and that his mother did not appear to be interested in participating in his rehabilitation efforts. The officer stated that minor

was turning 18 years old in approximately one month, he had exhausted all programs and resources available at the formal probation level, and that Gateway was his final opportunity to rehabilitate.

At a dispositional hearing on August 20, 2014, the court found that the prior dispositions (formal probation) had failed and were not effective in rehabilitating minor. The court found it necessary to commit him in a closed setting with substantial counseling. The court further found that minor's mother was incapable of providing, or had failed to provide, proper maintenance, training, and education for minor. In accordance with the probation officer's recommendation, the court continued minor as a ward, removed custody from his mother, and committed him to the Gateway program. The court found that minor had a total available confinement time of eight years eight months, with 98 days of credits.

## ANALYSIS

### The Juvenile Court Properly Committed Minor to Gateway

Minor's sole contention on appeal is that the juvenile court abused its discretion in committing him to the Gateway program without attempting less restrictive alternatives. We disagree.

We review a placement decision only for abuse of discretion. (*In re Asean D.* (1993) 14 Cal.App.4th 467, 473 (*Asean D.*) [Fourth Dist., Div. Two].) The court will indulge all reasonable inferences to support the decision of the juvenile court. (*Ibid.*) "'[D]iscretion is abused whenever the court exceeds the bounds of reason, all of the

4

circumstances being considered.'" (*In re Carl N.* (2008) 160 Cal.App.4th 423, 432-433, quoting *People v. Giminez* (1975) 14 Cal.3d 68, 72.) We will not disturb the juvenile court's findings when there is substantial evidence to support them. (*In re Carl N.*, at p. 432.) "'In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law.'" (*Ibid.*) "The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct. [Citations.] The preservation of the safety and welfare of a state's citizenry is foremost among its government's interests, and it is squarely within the police power to seek to rehabilitate those who have committed misdeeds while protecting the populace from further misconduct." (*In re Jose C.* (2009) 45 Cal.4th 534, 555.) "When determining the appropriate disposition in a delinquency proceeding, the juvenile courts are required to consider '(1) the age of the minor, (2) the circumstances and gravity of the offense committed by the minor, and (3) the minor's previous delinquent history.'" (*In re Jonathan T.* (2008) 166 Cal.App.4th 474, 484-485 [Fourth Dist., Div. Two].)

Minor specifically argues the juvenile court abused its discretion in committing him to the Gateway program because it "did not discuss or consider any less restrictive dispositions that would meet requirements of safety and protection to the public[,] as well as the best interest of the minor." He also points out that he received outstanding marks during his commitments to juvenile hall, pending dispositions. He further contends that

escalating his disposition to a Gateway placement, without considering other measures that included a drug program, was simply "not the proper choice." We see no abuse of discretion.

The record shows the juvenile court followed the probation officer's recommendation to place minor in Gateway. The court considered less restrictive placements, but reasonably found them inappropriate in light of minor's record. (*In re Teofilio A.* (1989) 210 Cal.App.3d 571, 577 [The juvenile court must *consider* less restrictive placements, but the court is not required to attempt them before committing a minor to a locked facility].) The court acknowledged that minor had been tried in other dispositions, specifically formal probation, but had failed. It pointed out that minor had committed three burglaries in approximately one year. The court aptly noted that if he had been convicted of these crimes as an adult, he would be facing 25 years to life in prison. The court further stated that minor's mother was incapable of providing proper maintenance, training and education for minor, and that minor's welfare required that he be taken from her custody. As the probation officer stated, minor's mother had given up and was apparently not interested in helping him rehabilitate. The court truly believed that minor's best chance at rehabilitation was through the structured environment offered at Gateway. The court noted that it had just reviewed two cases where the minors accomplished "amazing things" at Gateway. Acknowledging the positive report on minor's conduct in juvenile hall, the court believed that minor would do very well in Gateway.

We conclude there was sufficient evidence to support the juvenile court's determination that minor's rehabilitation would best be ensured by committing him to Gateway.  Furthermore, public safety concerns required the court to select Gateway over a less restrictive placement.  Thus, the court did not abuse its discretion in committing minor to Gateway.

DISPOSITION

The juvenile court's dispositional order committing minor to the Gateway program is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST _____

J.

We concur:

RAMIREZ _____

               P. J.

CODRINGTON _____

               J.

7